**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KEVIN MICHAEL EMERINE,**

**Plaintiff,**

**v.**

**CO JIMMY WARD, *et al.*,**

**Defendants.**

**Case No. 2:25-cv-1270**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

Kevin Michael Emerine, proceeding without the assistance of counsel, filed this action against various Defendants in October 2025. (ECF No. 1-1.) Due to Mr. Emerine's failure to timely effect service of process over Defendants, the Magistrate Judge issued a Report and Recommendation ("R&R") on July 10, 2026, recommending that the Court dismiss the case without prejudice under Federal Rule of Civil Procedure 4(m). (R&R, ECF No. 9.) That same day, Mr. Emerine filed a notice of change of address (ECF No. 10), so the Clerk's Office sent the R&R to him at his updated address.

By late August, however, Mr. Emerine had not objected to the R&R, nor had the R&R been returned as undeliverable. Because the objection deadline had passed and with no indication that Mr. Emerine had not received the R&R, the Court adopted and affirmed the R&R, dismissed the action without prejudice under Rule 4(m), and closed the case. (ECF Nos. 11, 12.)

Now before the Court is Mr. Emerine's request to reopen the case.[1] (Mot., ECF No. 16.) Therein, he asks the Court to set aside the dismissal because of his "excusable neglect"—specifically, his mistaken understanding of which P.O. box was his. (*Id.*) His confusion surrounding his P.O. box, he argues, prevented him from receiving Court documents and meeting the deadline for service of process. (*Id.*)

Although Mr. Emerine does not specify the legal authority for his reopening request, the Court must liberally construe his Motion in light of his *pro se* status. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Mr. Emerine appears to have brought his Motion under Federal Rule of Civil Procedure 60(b)(1), which "permits a district court to reopen a judgment for mistake, inadvertence, surprise, or excusable neglect." *Kemp v. United States*, 596 U.S. 528, 531 (2002) (internal quotation marks omitted). Because Mr. Emerine filed his Motion weeks after the Court dismissed the case, it is timely. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order[.]").

"The grant of motions made under [R]ule 60(b) is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). In determining whether to grant relief under Rule 60(b)(1), courts consider three factors: (1) the moving party's culpability (i.e., whether the neglect was excusable); (2) any prejudice to the opposing party; and (3) whether the moving

---

[1] Mr. Emerine also moves to change his address. (ECF No. 15.) Because he simultaneously filed a notice indicating his new address (ECF No. 14), his motion as to the same issue is unnecessary and is **DENIED as moot**.

party holds a meritorious underlying claim or defense. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Looking to the first factor, Mr. Emerine has demonstrated a lack of culpability. Courts analyzing culpability evaluate the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay (including whether it was within the reasonable control of the movant), and whether the movant acted in good faith. *See Yeschick*, 675 F.3d at 629 (citation omitted).

Here, the case was at an early stage when it was terminated—as such, there is little danger of prejudice to Defendants, who had yet to be served. *Cf., e.g.*, *Pineda Transportation, LLC v. FleetOne Factoring, LLC*, No. 22-6113, 2023 WL 9023358, at *4 (6th Cir. Nov. 2, 2023) (affirming lower court finding that defendants would be prejudiced by reopening case more than two years after it was closed); *Yeschick*, 675 F.3d at 631 (observing that "[p]rejudice suffered by the party opposing the motion for relief from judgment due to expenditure of resources" on discovery and motion practice "counsels against a finding of excusable neglect"). Mr. Emerine seems to have been relatively diligent in trying to check his mail (albeit at the wrong location), and he quickly moved to reopen the case upon discovering the issue. (*See* Mot., PAGEID # 128 ("When I had explained to [the mailroom employee] that my key did not fit and that I had been trying to check my mail, she immediately saw

the problem.").) His actions delayed these proceedings, but only by a few months. And nothing suggests that his misunderstanding about his P.O. box or his corresponding failure to participate in the case were in bad faith. Thus, Mr. Emerine has provided an adequate explanation for his delay, and the Court finds his neglect to be excusable.

The second and third factors also favor reopening the case. As explained above, any prejudice to Defendants caused by granting Mr. Emerine's request would be minimal. Moreover, though it is difficult to determine the strength of his claims at this stage of the litigation, the Court does not find his Complaint to be frivolous or utterly meritless on its face. He invokes 42 U.S.C. § 1983, alleging that he was attacked twice and suffered physical injuries but was denied medical care while at Southeastern Ohio Regional Jail. (*See* ECF No. 5.) The Court also notes that, if his case is not reinstated, he would likely be precluded from pursuing his claims in a new complaint because the two-year statute of limitations for filing civil rights actions in Ohio has expired. (*See id.*, PAGEID # 79 (alleging that events giving rise to claims occurred in November 2023)); *see Hollis v. Erdos*, No. 1:19-CV-436, 2020 WL 2395567 (S.D. Ohio May 12, 2020) (Cole, J.).

Accordingly, Mr. Emerine's Motion (ECF No. 16) is **GRANTED**. The prior Judgment (ECF No. 12) is **VACATED**, and the Clerk is **DIRECTED** to reopen this case and return it to the Court's active docket. The Clerk is also **DIRECTED** to send Mr. Emerine a copy of the Pro Se Handbook. Mr. Emerine is **REMINDED** that

he must keep the Court informed of any further changes to his address during the pendency of this action.

Finally, Mr. Emerine's form Complaint (ECF No. 5) lacks significant allegations as to the events underlying his claims and the details surrounding the large number of Defendants whom he implicates therein—indeed, he merely provides a list of Defendants without making any assertions as to their involvement or culpability. Accordingly, Mr. Emerine is **ORDERED** to file an Amended Complaint that clearly sets out a short and plain statement of his claims and the factual allegations supporting them. *See* Fed. R. Civ. P. 8(a). The Amended Complaint must not exceed **THIRTY (30) PAGES** in length, must be **legible and double-spaced**, and must be filed within **SIXTY (60) DAYS** of the date of this Opinion and Order. Failure to do so may result in the dismissal of this case for failure to prosecute.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**